**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAULA J. TERRELL,

          Plaintiff-Appellant,

v.

J.P. MORGAN CHASE BANK, N.A.;
QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON,

          Defendants-Appellees.

No. 14-35909

D.C. No. 2:14-cv-00930-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

     Paula J. Terrell appeals pro se from the district court's judgment dismissing

her action alleging federal and state law claims stemming from the servicing of her

mortgage.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of discretion the denial of a motion for leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm.

The district court properly denied Terrell's motion for leave to file an amended complaint because amendment was futile. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plaintiff's complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

We reject as without merit Terrell's contention that her action should have been dismissed without prejudice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including the district court's underlying dismissal of the action. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-35909